1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DRAKE FELDE,                          Case No.   1:19-cv-00339-HBK

12              Plaintiff,                 ORDER GRANTING DEFENDANTS'
                                           MOTION TO STAY
13        v.
                                           (Doc. No. 55)
14   D. WILKINS, I. OGBUEHI,

15              Defendants.                ORDER DISMISSING AS MOOT
                                           PLAINTIFF'S MOTIONS TO MODIFY
16                                         SCHEDULING ORDER

17                                         (Doc. Nos. 33, 35, 38, 39, 51)

18

19         This matter comes before the court upon initial review of this case that was reassigned to

20   the undersigned.  (*See* Doc. No. 46).  Pending review is, *inter alia*, defendants' motion to vacate

21   dispositive motion deadlines (Doc. No. 55) filed February 24, 2021, which the court construes as a

22   motion to stay the case, and plaintiff's motions to modify the scheduling order.  (Doc. Nos. 33, 35,

23   38, 39, 51).  Plaintiff has filed no opposition to defendant's motion to stay and the time for doing

24   so has passed.  For the reasons set forth below, the court grants defendants' motion to stay this

25   action

26   I.    BACKGROUND

27         Plaintiff Drake Felde, a state prisoner, initiated this action on March 14, 2019 by filing a

28   *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants D. Wilkins and I. Ogbuehi.

(Doc. No. 1).  On October 11, 2019, the court found plaintiff's claims cognizable and directed service on defendants.  (Doc. No. 7).  On December 20, 2019, defendants filed an answer to the complaint.  (Doc. No. 11).  On December 30, 2019, the court issued a discovery and scheduling order.  (Doc. No. 12).  On April 20, 2020, Defendant Wilkins moved for exhaustion-based summary judgment.  (Doc. No. 25).  The motion for summary judgment has been fully briefed and is ripe for this court's review.  (Doc. Nos. 40, 49).  Throughout the life of this case, various motions for extensions of time (Doc. Nos. 19, 26, 29, 41, 45) and motions for modifications of the scheduling order (Doc. Nos. 17, 22, 33, 35, 38, 39, 51) have been filed, during which time the parties briefed the motion for summary judgment and conducted discovery.[1]  The deadlines of the most recent discovery and scheduling order have either elapsed or are nearing elapse, including a dispositive motions deadline of March 15, 2021.  (Doc. No. 32).  On February 24, 2021, defendants filed a motion to vacate the dispositive motions deadline pending final resolution of their motion for summary judgment.  (Doc. No. 55).

II.     APPLICABLE LAW

Under Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."  The good cause standard of Rule 16(b) focuses primarily on the diligence of the moving party and the reasons for seeking modification.  *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir.2011); *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).  This court has found good cause to stay a case pending resolution of a motion for summary judgment.  *See Smith v. Martinez*, No. 1:17-cv-01092-AWI-MJS (PC), 2018 WL 1413712, at *1 (E.D. Cal. Mar. 21, 2018); *Henry v. Contreras*, No. 1:14-CV-00791-LJO-SKO-PC, 2016 WL 232317, at *2 (E.D. Cal. Jan. 20, 2016).  Moreover, this court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

---

[1] It is not clear to the court whether the parties have concluded discovery.  The court will resolve any pending discovery issues once the pending motion for summary judgment has been resolved.

1  III.   ANALYSIS

2        Defendants argue that good cause exists to stay this case. (Doc. No. 55 at 4). In support of

3  their claim, defendants state that they have exercised diligence in this case, as evidenced by their

4  timely filing of the exhaustion-based motion for summary judgment. (*Id*.). Moreover, defendants

5  argue that the issuance of a stay in this case will preserve judicial and state resources. (*Id*. at 1).

6  Specifically, defendants state that if Defendant Wilkins' motion for summary judgment is denied,

7  the parties and the court will be benefitted by the need to address only one merits-based motion for

8  summary judgment addressing both defendants and that management of the case will be simplified

9  by keeping both defendants on the same deadlines.

10       The court agrees with defendants.  By staying the case now, the court will prevent

11  duplication of efforts on the part of the state, plaintiff, and the court.  If Defendant Wilkins' motion

12  for summary judgment on plaintiff's exhaustion efforts is granted, Wilkins will be dismissed from

13  the case.  However, if the motion for summary judgment is denied and Wilkins is not dismissed,

14  the state will need only file one merits-based motion for summary judgment addressing both

15  defendants, and the plaintiff will need only respond to the that single motion.  As such, it is

16  reasonable to stay all actions in this case until Wilkins' motion for summary judgment is resolved.

17  Accordingly, plaintiff's pending motions to modify scheduling order are dismissed as moot. (Doc.

18  Nos. 33, 35, 38, 39, 51).

19       Accordingly, it is ORDERED:

20    1. Defendants' motion to vacate dispositive motion deadlines (Doc. No. 55) is

21       GRANTED.

22    2. The case, including all deadlines in the discovery and scheduling order (Doc. No. 32) is

23       stayed pending resolution of defendants' motion for summary judgment.  A new

24       discovery and scheduling order will issue once this court rules on defendants' motion

25       for summary judgment.

26    3. Plaintiff's pending motions to modify scheduling order are DISMISSED as moot. (Doc.

27       Nos. 33, 35, 38, 39, 51).

28

IT IS SO ORDERED.

Dated:    March 12, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE