1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

DRAKE FELDE,

12

Plaintiff,

13

v.

14

D. WILKINS, I. OGBUEHI,

15

Defendants.

16

Case No.  1:19-cv-00339-HBK

ORDER GRANTING DEFENDANTS' MOTION TO STRIKE SURREPLY AND DIRECTING CLERK TO STRIKE PLAINTIFF'S SURREPLY

(Doc. No. 54)

17    This matter comes before the court upon initial review of this case that was reassigned to

18  the undersigned.  (*See* Doc. No. 46).  Pending review is, *inter alia*, defendants' motion to strike

19  plaintiff's surreply. (Doc. No. 54).  For the reasons set forth below, the court grants defendants'

20  motion to strike plaintiff's surreply.

21    I.    BACKGROUND

22    Plaintiff Drake Felde, a state prisoner, initiated this action on March 14, 2019 by filing a

23  *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants D. Wilkins and I. Ogbuehi.

24  (Doc. No. 1).  On April 20, 2020, Defendant Wilkins moved for exhaustion-based summary

25  judgment.  (Doc. No. 25).  Plaintiff opposed the motion (Doc. No. 40) and defendants replied to

26  plaintiff's opposition.  (Doc. No. 49).  On January 21, 2021, plaintiff filed a "supplemental brief in

27  opposition to defendants' summary judgment motion," which the court construes as a surreply to

28

1    defendants' reply.  (Doc. No. 52).  On February 11, 2021, defendants filed a motion to strike the

2    surreply.  (Doc. No. 54).

3    II.    APPLICABLE LAW

4    Neither the Federal Rules of Civil Procedure, nor the Local Rules for the Eastern District

5    of California permit the filing of a surreply as a matter of right.  *See Garcia v. Biter*, 195 F.Supp.3d

6    at 1131 (E.D. Ca. July 18, 2016) (noting the plaintiff did not have a right to file a surreply under

7    the local rules or under the Federal Rules of Civil Procedure).  However, district courts have

8    discretion to permit, or preclude, a surreply.  *Id.* at 1133 (other citations omitted).  While courts are

9    required to provide *pro se* litigants leniency, the court generally views motions for leave to file a

10   surreply with disfavor and will not consider granting a motion seeking leave to file a surreply absent

11   good cause shown.  *Id.*  (other citations omitted).

12   III.    ANALYSIS

13   Here, defendants' motion for summary judgment was deemed submitted and ripe for review

14   on December 1, 2020 when defendants filed their reply to plaintiff's opposition.  (Doc. No. 49).

15   Plaintiff did not seek leave to file a surreply and instead filed a surreply post-marked on January

16   21, 2021.  (Doc. No. 52).  Plaintiff's opposition numbers 325 pages.  (Doc. No. 40).  Plaintiff has

17   not shown good cause to file a surreply.  Because Federal Rule of Civil Procedure 12(f) authorizes

18   the court to strike any insufficient defense, or any redundant, immaterial, impertinent, or scandalous

19   matter, the court will grant defendants' motion and will strike plaintiff's surreply.  *See id*.

20   Accordingly, it is now **ORDERED**:

21   1. Defendants' motion to strike plaintiff's surreply (Doc. No. 54) is **GRANTED**.

22   2. The Clerk of Court shall **strike** plaintiff's construed surreply (Doc. No. 52).

23

24   IT IS SO ORDERED.

25   Dated:    March 12, 2021

26                                                HELENA M. BARCH-KUCHTA
                                                  UNITED STATES MAGISTRATE JUDGE
27

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28