UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAKE FELDE, | Case No. 1:19-cv-00339-HBK |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND COMPLAINT |
| v. | |
| D. WILKINS, I. OGBUEHI, | (Doc. No. 44) |
| Defendant. | ORDER DIRECTING CLERK OF COURT TO STRIKE AMENDED COMPLAINT |
| | (Doc. No. 43) |

This matter comes before the court upon initial review of this case that was reassigned to the undersigned. (*See* Doc. No. 46). Pending review is, *inter alia*, plaintiff's motion to amend his complaint (Doc. No. 44). For the reasons set forth below, the court denies plaintiff's motion to amend without prejudice to refiling once the court has ruled on defendants' pending motion for summary judgment. (Doc. No. 25).

I.  BACKGROUND

Plaintiff Drake Felde, a state prisoner, initiated this action on March 14, 2019 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants D. Wilkins and I. Ogbuehi. (Doc. No. 1). On April 20, 2020, Defendant Wilkins moved for exhaustion-based summary judgment. (Doc. No. 25). The court has yet to rule on this motion. On November 2, 2020, plaintiff filed a motion to amend and lodged an amended complaint. (Doc. Nos. 43, 44).

Defendants opposed plaintiff's motion to amend (Doc. No. 47) and plaintiff filed a reply to the opposition. (Doc. No. 50).

## II. APPLICABLE LAW

Because defendants have already answered the complaint, Rule 15(a)(2) of the Federal Rules of Civil Procedure govern whether plaintiff may amend. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." However, a "district court does not err in denying leave to amend where the amendment would be futile." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Further, leave to amend may be denied where "undue prejudice to the opposing party" would result. *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## III. ANALYSIS

Plaintiff seeks to add new facts in support of his complaint, some of which center on Defendant Wilkins. (Doc. No. 43). Defendants oppose the motion to amend. (Doc. No. 47). Defendants point out that they are currently seeking dismissal of Defendant Wilkins in their motion for summary judgment based on exhaustion. (*See* Doc. No. 25). Defendants argue that because some of the new information plaintiff seeks to add to his complaint relates to Wilkins, and Wilkins could be subject to dismissal, any amendment to the complaint at this time is futile. (Doc. No. 47 at 2). Further, defendants argue that they would be prejudiced if this court grants plaintiff leave to amend his complaint. (*Id.*). In support of their prejudice argument, defendants point to the time they already expended in responding to the original complaint and argue that more time could be wasted in responding to amended claims centering on Wilkins if Wilkins is dismissed from the suit. (*Id.*).

The court agrees with defendants. At this time, amendment to the complaint prior to the court's ruling on the motion for summary judgment would be futile and prejudicial to the defendants. It is possible that Wilkins will be dismissed from the suit and in that case, the additional briefing that would result from the amended complaint would be a waste of the parties'

and this court's resources. However, the court will deny plaintiff's motion without prejudice to refiling once the motion for summary judgment has been resolved.

Accordingly, it is **ORDERED:**

1. Plaintiff's motion to amend (Doc. No. 44) is **DENIED** without prejudice.
2. The Clerk of Court is directed to **strike** plaintiff's lodged amended complaint (Doc. No. 43) from the docket.

IT IS SO ORDERED.

Dated:   March 14, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE