UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAKE FELDE,<br><br>           Plaintiff,<br><br>    v.<br><br>D. WILKINS, I. OGBUEHI<br><br>           Defendants. | No. 1:19-cv-000339-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF[1]<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>(Doc. Nos. 14, 24)<br><br>ORDER DIRECTING CLERK TO SERVE ORDER ON LITIGATION COORDINATOR<br><br>ORDER DIRECTING CLERK TO ASSIGN CASE TO DISTRICT JUDGE |

      This matter comes before the court upon review of this case that was reassigned to the undersigned on November 17, 2020. (*See* Doc. No. 46). Pending review are, *inter alia*, plaintiff's motion for preliminary injunctive relief and a temporary restraining order and/or preliminary injunction. (Doc. Nos. 14, 24). Specifically, plaintiff requests the court to order

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

prison officials to provide him with access to certain medical care (Doc. No. 14) and direct correctional officials to provide him with increased access to the prison law library and a change in his classification level. (Doc. No. 24). For the reasons stated below, the undersigned recommends that the court deny plaintiff's motions for injunctive relief. However, the court will request the assistance of the litigation coordinator at plaintiff's place of incarceration.

I. BACKGROUND

Plaintiff Drake Felde, a state prisoner, initiated this action on March 14, 2019 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants D. Wilkins and I. Ogbuehi. (Doc. No. 1). The complaint alleges an excessive use of force claim against defendant Wilkins and medical deliberate indifference claim against defendant Ogbuehi. (*Id.*). On October 11, 2019, the court found plaintiff's claims cognizable and directed service on defendants. (Doc. No. 7). On December 20, 2019, defendants filed an answer to the complaint. (Doc. No. 11). On March 2, 2020 and April 15, 2020, plaintiff moved for preliminary injunctive relief. (Doc. Nos. 14, 24). On April 20, 2020, Defendant Wilkins filed an exhaustion-based summary judgment motion which remains pending before the court. (Doc. No. 25).

II. APPLICABLE LAW

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter*, 555 U.S. at 20). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury

claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief.  A claim based on denial of adequate medical care requires a showing that defendants behaved with "deliberate indifference in failing to respond to a serious medical need.  Mere negligence in the provision of medical care . . . does not constitute a constitutional violation." *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (citations omitted); *see also Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004).

Further, the Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials.  In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  As the Ninth Circuit has previously observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

III.  ANALYSIS

    a.  Medical Care

Plaintiff requests that the court order his prison to provide him with certain medical care. (Doc. No. 14 at 1).  Plaintiff alleges that he suffers from daily pain in his hand, has a "bony protrusion" on his left wrist, and will suffer irreparable harm without a preliminary injunction. (*Id*. at 1, 3).  Specifically, plaintiff seeks a court order directing defendants to provide: a medical examination on plaintiff's left hand and wrist, certain medical equipment (a hand ball and heating pads), physical therapy services, an ultrasound on his left hand and wrist, a referral to a hand specialist, and cortisone shots.  (*Id*. at 4-5).

Plaintiff's motion for injunctive relief should be denied without prejudice.[2]  Plaintiff has

---

[2] Should plaintiff wish to file another motion for injunctive relief, he should do so after he has gathered evidence, through discovery or otherwise, that supports his motion and underlying claims.  Plaintiff should

not shown that he is likely to suffer irreparable harm absent relief from this court. Although plaintiff's case necessarily centers on medical information, his motion is not supported by any medical opinions to support his need for immediate relief. The court notes plaintiff attaches records which demonstrate the types of care he has previously received (Doc. No. 14 at 21-33), but the records contain no medical opinion or evidence that additional care is necessary to prevent future irreparable harm. Plaintiff, as a layperson, does not possess the expertise to advise the court on this specialized subject. Moreover, the medical records plaintiff provided reveal that he has received care from both an orthopedic surgeon and a physical therapist. (*Id*.). Thus, his motion does not establish that irreparable harm is likely.

Although plaintiff's allegations are serious and his complaint has been served, plaintiff has not yet met the requirement of showing that his claim is likely to succeed on the merits. Indeed, if defendants' exhaustion-based summary judgment motion is granted, the court may not reach the merits of plaintiff's claims. At this stage, plaintiff has not presented evidence that shows defendants have acted with deliberate indifference, as required to demonstrate success on the merits in this § 1983 action. *See Frost*, 152 F.3d at1130. Finally, plaintiff seeks a broad range of injunctive relief that falls short of the PLRA's requirement that relief be narrowly drawn. Accordingly, the undersigned recommends that plaintiff's motion for preliminary injunction be denied without prejudice.

b. Law Library Access

Plaintiff separately seeks a "temporary restraining order and or preliminary injunctive relief" to be granted additional access to his prison's law library. (*See generally* Doc. No. 24). Specifically, plaintiff states that he is only granted an hour and a half of law library access a week, rendering the litigation of this case difficult. (*Id*. at 4, 6). Plaintiff seeks a court order directing the law library to stay open five days a week, that he be granted additional hours to use the library, and that his classification level be changed so he may be permitted greater access to the law library. (*Id*. at 7).

---

also narrowly focus his request for injunctive relief as required by the PLRA.

As an initial matter, the Complaint does not raise a denial of access to court claim or any claims concerning plaintiff's access to the law library. (*See generally* Doc. No. 1). Further, plaintiff makes no assertion that either of the two named defendants have any authority over the law library. Thus, the court does not have authority to issue the requested injunctive relief sought. *See Pac. Radiation Oncology*, 810 F.3d at 633. Moreover, the court has no jurisdiction over nonparties in this case, such as prison library staff, and cannot order prison personnel to provide him library access. Therefore, the court recommends that plaintiff's request for injunctive relief be denied.

To the extent plaintiff's limited access to the law library is impeding his ability to prosecute this claim, plaintiff has other options than seeking injunctive relief. He may seek an extension of time with the court to comply with a court-ordered deadline or he may attach a copy of the court's order to his request to access the law library to demonstrate to correctional officials that he is under a court-ordered deadline. At this time, plaintiff has responded to defendant's motion for summary judgment and the court has stayed all deadlines pending the court's ruling on the summary judgment motion. *See* Doc. Nos. 40, 59. Thus, plaintiff is currently not under any court-ordered deadline. As a courtesy, the court will request the assistance of the litigation coordinator at Pleasant Valley State Prison in ensuring that plaintiff is afforded adequate opportunities to access the law library, to the extent that doing so is consistent with institutional order and security. *See Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). The clerk's office will be directed to serve a copy of this order on the litigation coordinator.

Accordingly, it is ORDERED:

1. The clerk of court is directed to serve a copy of this order on the litigation coordinator at Pleasant Valley State Prison.
2. The clerk of court is directed to assign this case to a district judge for consideration of these findings and recommendations.

5

Further, it is RECOMMEDED:

1. Plaintiff's motion for injunctive relief for medical care (Doc. No. 14) be DENIED without prejudice.
2. Plaintiff's motion for injunctive relief for law library access (Doc. No. 24) be DENIED.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: March 18, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE