UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAKE FELDE,<br><br>    Plaintiff,<br><br>v.<br><br>D. WILKINS, I. OGBUEHI,<br><br>    Defendants. | Case No. 1:19-cv-00339-NONE-HBK<br><br><u>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT WILKINS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEMDIES</u>[1]<br><br><u>OBJECTIONS DUE IN THIRTY DAYS</u><br><br>(Doc. No. 25) |

    This matter comes before the court upon initial review of this case that was reassigned to the undersigned.  (*See* Doc. No. 46).  Pending review is Defendant Wilkins' motion for exhaustion-based summary judgment filed April 20, 2020.  (Doc. No. 25).  Plaintiff filed an opposition to the motion, (Doc. No. 40) and Defendant Wilkins filed a reply.  (Doc. No. 49).  For the reasons stated below, the court recommends that the motion to dismiss be granted.

I.    BACKGROUND

    Plaintiff Drake Felde, a state prisoner, initiated this action on March 14, 2019 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants D. Wilkins and I. Ogbuehi.  (Doc. No. 1).  On October 11, 2019, the court screened the complaint under 28 U.S.C. § 1915A and found plaintiff's complaint plausibly stated two Eighth Amendment violations:  (1)

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

an excessive use of force claim against defendant Wilkins who shot plaintiff with a Block Gun on March 3, 2016; and (2) a medical deliberate indifference claim against defendant Ogbuehi who failed to listen and treat plaintiff for his injuries. (Doc. No. 7). After defendants filed an answer to the complaint (Doc. No. 11), the court issued a discovery and scheduling order. (Doc. No. 12). On April 20, 2020, Defendant Wilkins moved for exhaustion-based summary judgment. (Doc. No. 25). In his motion to dismiss, Wilkins claims that Felde failed to exhaust his administrative remedies prior to bringing this suit against him, as required by the Prison Litigation Reform Act. (*See generally* Doc. No. 25-1).

  a. Allegations in the Complaint

The court only addresses the allegations in the complaint pertaining to defendant Wilkins for purposes of this report and recommendation. Felde claims that Wilkins used malicious and unnecessary excessive force against him, thereby violating his Eighth Amendment right to be free from cruel and unusual punishment when Wilkins shot and injured him with a launcher gun in order to subdue plaintiff during a fight with another inmate on March 3, 2016. (Doc. No. 1 at 3). According to complaint, Felde's injuries include a depressed skull fracture, paralysis of the upper left arm, a bone spur on his wrist, broken thumb, loss of a tooth, tinnitus, hearing loss, and restriction of movement in his fingers. (*Id.*).

  b. Administrative Process

At the outset, Felde admits that he did not "process any complaint against Wilkins through the third level of review." (Doc. No. 40 at 33). The record reveals Felde filed two administrative appeals related to excessive force. The first, filed on June 26, 2017, was a request for medical treatment and accommodation that included the words "excessive use of force." (Doc. No. 25-6 at 58-59). This request did not name Wilkins as the individual who used excessive force against him. (*Id.*). Wasco State Prison ("WSP") logged this reasonable accommodation request as an inmate appeal because it included a claim of excessive force and gave the appeal the tracking number WSP-B-17-024202. (Doc. No. 25-6 at 2-3; 58-59). On June 27, 2017, WSP sent a letter to Felde informing him that his appeal was cancelled as untimely and that Felde could appeal the cancellation within 30 days. (Doc. No. 25-6 at 3, 57). Felde was interviewed regarding his

grievance the next day, June 28, 2017, and Felde stated that he did not believe excessive force was used and only wanted to have his medical needs addressed. (Doc. No. 25-6 at 4). Felde has not submitted any documentation to demonstrate that he appealed this cancellation to the third level of review.

On December 31, 2019, <u>after</u> the filing of the instant suit, Felde submitted an inmate grievance form to Pleasant Valley State Prison alleging that Wilkins used excessive force against him at WSP. (Doc. No. 25-4 at 225; Doc. No. 25-6 at 73-76). This appeal was forwarded to WSP and assigned a tracking number of WSP-0-20-00398. (Doc. No. 25-4 at 224; Doc. No. 25-6 at 71, 79). This appeal was cancelled as untimely and WSP sent a letter to Felde informing him that he could appeal the cancellation within 30 days. (Doc. No. 25-6 at 4; 71-72). Felde has not submitted any documentation to demonstrate that he appealed this cancellation to the third level of review.

Further, Felde filed fourteen inmate grievance and/or requests for reasonable accommodations during the relevant time period of March 3, 2016, the date of the shooting incident, until March 14, 2019, the date Felde filed the instant petition. (Doc. No. 25-4 at 3-4, 7-8, *see generally* Doc. Nos. 25-4, 25-5, 25-6). These appeals complained of various issues, such as problems with the receipt of legal mail (Doc. No. 25-4 at 29), medical conditions (*id*. at 50), staff misconduct (*id*. at 63), and the nutrition levels of the food offered to inmates. (*Id*. at 10-14). The only appeal that Felde raised to the third level of review was the appeal regarding nutrition. (*Id*. at 8-9).

II.   APPLICABLE LAW

    a.   Summary Judgment Standard

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Id.* at 323. An issue of material fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party meets its initial burden, the burden then shifts to the opposing party to present specific facts that show there to be a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated there to be no genuine issue of material fact and showed judgment to be appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America*, NT & SA, 285 F.3d 764, 772 (9th Cir. 2002).

In a summary judgment motion for failure to exhaust, the defendant has the initial

burden of establishing "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of persuasion remains with defendant, however. *Id.*

        b. Exhaustion Requirement

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). A plaintiff's claims must be exhausted prior to the filing of his federal complaint. *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citation omitted)). Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218.

The California Department of Corrections and Rehabilitation's ("CDCR") administrative remedy process governs this action.[2] *See* Cal. Code Regs. tit. 15, § 3084.1 (2016). To exhaust available remedies, an inmate must proceed through three formal levels of review unless otherwise excused under the regulations. *Id.* § 3084.5. A prisoner initiates the exhaustion process by submitting a CDCR Form 602 "Inmate/Parolee Appeal" ("grievance"). *Id.* §§ 3084.2(a), 3084.8(b) (quotation marks omitted). The grievance must "describe the specific

---

[2] The court cites to the regulations in force at the relevant time period. These regulations were recently amended. *See* Cal. Code Regs. tit. 15, § 3480-3487 (2021).

issue under appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." *Id.* § 3084.2(a). The inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." *Id.* § 3084.2(a)(4).

An inmate must submit an appeal within thirty calendar days of "[t]he occurrence of the event or decision being appealed" or "[u]pon first having knowledge of the action or decision being appealed." *Id*. § 3084.6(c)(4). Under certain circumstances, an appeal will be accepted after the deadline. A late appeal may only be canceled where "the inmate or parolee had the opportunity to submit within the prescribed time constraints." *Id*. Further, "at the discretion of the appeals coordinator or third level Appeals Chief, a cancelled appeal may later be accepted if a determination is made that cancellation was made in error or new information is received which makes the appeal eligible for further review." *Id*. at § 3084.6(a)(3). Further, under exceptional circumstances an appeal may be accepted for review beyond the 30-day deadline, for instance, when an inmate is medically incapacitated and unable to file an appeal. *Id*. at § 3084.6(a)(4).

Where an appeal is cancelled due to a procedural error on the part of the inmate, administrative remedies remain available to the inmate—namely appealing the cancellation decision. *See Cortinas v. Portillo*, 754 F. App'x 525, 527 (9th Cir. 2018) ("Because [plaintiff] could have appealed his cancellation decision . . . the improper cancellation of his appeal did not render administrative remedies effectively unavailable to him."); *Davenport v. Gomez*, No. 2:16-CV-1739, 2019 WL 636844, at *15 (E.D. Cal. Feb. 14, 2019) (noting that the appeals process is available where the plaintiff can raise the cancellation appeal to the next level).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. A defendant has the burden of showing that "*some* relief remains 'available.'" *Brown v. Valoff*, 422 F.3d 926, 936-937 (9th Cir. 2005). "To be available, a

1  remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Albino v.*
2  *Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting *Brown*, 422 F.3d at 937).  "[A]dministrative
3  procedure is unavailable when (despite what regulations or guidance materials may promise) it
4  operates as a simple dead end—with officers unable or consistently unwilling to provide any
5  relief to aggrieved inmates," or where an "administrative scheme might be so opaque that it
6  becomes, practically speaking, incapable of use." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016).
7  And relief does not remain available if "prison administrators thwart inmates from taking
8  advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*.
9  at 1860.  Where the court concludes that plaintiff has failed to exhaust available remedies, the
10 proper remedy is dismissal without prejudice of the portions of the complaint barred by §
11 1997e(a).  *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir.
12 2005).

13 III.    ANALYSIS

14     As an initial matter, Wilkins has met his burden to show that an administrative remedy
15 was available to Felde.  *See Albino*, 747 F.3d at 1172.  Wilkins submitted copies of the relevant
16 appeal cancellation letters, both which advised Felde he had the opportunity to appeal the
17 cancellations.  (Doc. No. 25-6 at 58-59; 73-76).  Felde does not dispute that he received these
18 letters, nor does he state that he did not understand how to appeal a cancelation.  In fact, Wilkins
19 has submitted proof that Felde appealed a cancelation of a different grievance during the relevant
20 time period.  (Doc. No. 2504 at 31-32).  Moreover, Wilkins has demonstrated that Felde
21 submitted numerous other appeals during the relevant time period.  (*See generally* Doc. Nos. 25-
22 4, 25-5, 25-6).  Felde does not dispute that he submitted these other appeals, nor does he state that
23 he had trouble understanding the procedure for submitting these appeals.

24     The burden now shifts to Felde to show that there was "something in his particular case
25 that made the existing and generally available administrative remedies effectively unavailable to
26 him." *Albino*, 747 F.3d at 1166.  Felde states he was in the hospital and correctional treatment
27 center for a total of 47 days after the incident and without access to the proper administrative
28 grievance forms, paper, or pens during this time.  (Doc. No. 40 at 3-6).  Felde claims he requested

a grievance form while in the hospital, but staff did not provide it to him. (*Id*. at 14). Even accepting these claims in the light most favorable to Felde, the court cannot find that Felde took the necessary steps to timely file an initial grievance against Wilkins. *See Espinoza v. Asunction*, No. 16-cv-01263, 2017 WL 3670780 at *7-8, 11 (N.D. Cal. Aug. 25, 2017) (finding that a plaintiff's attempts to timely file a grievance were "modest" where plaintiff asked for a grievance form only four times). Here, Felde describes no steps he took to file a grievance against Wilkins after his release from the correctional treatment center. If Felde had taken the opportunity to file a grievance upon his release from the correctional treatment center, it is possible that the late appeal would have been accepted by officials due to his hospitalization. *See* Cal. Code Regs. tit. 15, § 3084.6(a)(4).

Instead, Felde first filed a grievance raising a claim of excessive force over a year after the shooting incident. (Doc. No. 25-6 at 58-59). Felde did not identify Wilkins as the actor in this grievance, offering only vague mention that excessive force was used against him without naming any prison official or providing any factual description of the events. (*Id*. at 59). Despite the grievance being cancelled as untimely, Felde still had the opportunity to appeal the cancelation decision—a step he did not take. *Brown*, 422 F.3d at 935 ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'"). Some remedy remained available to Felde because he could have appealed the cancellation decision. *See* Cal. Code Regs. tit. 15, § 3084(a)(3) and (e) (inmate can appeal cancellation decision separately pursuant to the rules in § 3084.6(c), and if inmate prevails, cancelled appeal can be considered at the discretion of the appeals coordinator). And, even if the appeal of the cancellation decision was denied, Felde would have had the opportunity to appeal that decision to the third level of review, effectively exhausting his administrative remedies. *See Wilson v. Zubiate*, 718 Fed. Appx. 479, 2017 U.S. App. LEXIS 24302, 2017 WL 5897303, at *1 (9th Cir. 2017) ((quoting *Ross*, 136 S. Ct. at 1859) ("Because an appeal of the cancellation decision left open the possibility for some relief, the procedure did not operate as a 'dead end.'").

Further, even though Felde eventually filed a grievance for excessive force naming Wilkins as the actor nine months <u>after</u> he filed the instant federal complaint (some three years

after the shooting incident), (Doc. No. 25-6 at 73-76), this grievance was also canceled as untimely.  Again, Felde had the opportunity to appeal the cancellation to the third level of review but did not do so.  Thus, Felde's second grievance is also unexhausted.

The undersigned finds: (1) defendant Wilkins has demonstrated an administrative remedy was available; (2) Felde did not exhaust his remedies as to this excessive use of force claim agasint defendant Wilkins; and (3) Felde has failed "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1166.  Based upon the facts and binding precedent, the undersigned recommends that defendant Wilkins' motion for summary judgment be granted and defendant Wilkins be dismissed from this case.

Accordingly, it is RECOMMENDED:

1. Defendant Wilkins' motion for summary judgment (Doc. No. 25) be GRANTED.
2. Defendant Wilkins be dismissed from this case.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 22, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE